**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JENNIFER ROBERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. CIV-23-294-GLJ** |
| **v.** | ) | |
| | ) | |
| **LELAND DUDEK,**[1] | ) | |
| **Acting Commissioner of the Social** | ) | |
| **Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

Claimant appealed the decision of the Commissioner of the Social Security Administration denying her request for benefits. The Court granted the Social Security Administration's unopposed Motion to Remand, reversing the Commissioner's decision and remanding the case for further proceedings [Docket Nos. 16-17]. On remand, the Administrative Law Judge ("ALJ") found that Plaintiff was disabled and awarded her past-due benefits. Plaintiff's attorney now seeks an award of fees pursuant to 42 U.S.C. § 406(b)(1). For the reasons set forth below, the Court finds that Plaintiff's Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6) & Motion for Attorney Fees Under 42 U.S.C. § 406(b) with Supporting Memorandum [Docket No. 23] should be granted and that Plaintiff's attorney should be awarded $18.334.68 in attorney's fees.

---

[1] On February 16, 2025, Leland Dudek became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Leland Dudek is substituted for Carolyn W. Colvin as the Defendant in this action.

The Court must initially determine if the motion at issue is timely. Section 406(b) does not address when a motion for attorneys' fees should be filed, so the Tenth Circuit has instructed that "the best option . . . is for counsel to employ Federal Rule of Civil Procedure 60(b)(6) in seeking a § 406(b)(1) fee award." *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006). Thus, a Section 406(b) motion for attorneys' fees must be filed within a reasonable time of receipt of the Notice of Award. *See generally* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time[.]"). In this district, "a reasonable time" means within thirty days of issuance of the notice of award unless there is good reason for a lengthier delay. *See, e. g., Harbert v. Astrue*, 2010 WL 3238958 at *1 n.4 (E.D. Okla. Aug. 16, 2010) (slip op.) ("The Court notes here that while no explanation is needed for a Section 406(b)(1) motion filed within thirty days of issuance of the notice of appeal, lengthier delays will henceforth be closely scrutinized for reasonableness, including the reasonableness of efforts made by appellate attorneys to obtain a copy of any notice of award issued to separate agency counsel."). The motion for attorneys' fees in this case was filed on January 27, 2025, one-hundred and three days after the Notice of Award was issued on October 16, 2024. *See* Docket No. 22, Ex. 2. In response to the Court's Order requesting a supplement as to Counsel's delay in timeliness, *see* Docket No. 25, counsel for Plaintiff indicated that he does not have an attorney representative form on file with the Social Security Administration and therefore relies on the attorney from the administrative level to forward him any Notice of Award that may be received. He states that, he keeps in "continuous communication" with those offices. Additionally, he notes that he filed the present motion the same day he received receipt of

the Notice of Award from the agency attorney. *See* Docket No. 26. Based on the attached

email chain, it appears that a legal assistant for the agency attorney mentioned a

forthcoming Notice of Award on October 17, 2024, *see* Docket No. 25, Ex. 1, p. 4.

Plaintiff's Counsel followed up regarding the Notice of Award on December 16, 2024, and

on January 24, 2025, and the Notice was received on January 27, 2025. Docket No. 25, Ex.

1. The Court is not entirely satisfied with this explanation, but inasmuch as there are no

timeliness objections by the Commissioner, the Court declines to find that the motion was

not filed within a reasonable time under Fed. R. Civ. P. 60(b)(6). The Court therefore finds

that the motion for attorney fees under Section 406(b) is timely.

When "a court renders a judgment favorable to a claimant under this subchapter

who was represented before the court by an attorney, the court may determine and allow

as part of its judgment a reasonable fee for such representation, not in excess of 25 percent

of the total of the past-due benefits to which the claimant is entitled by reason of such

judgment[.]" 42 U.S.C. 406(b)(1)(a). The 25% does not include any fee awarded by the

Commissioner for representation in administrative proceedings pursuant to 42 U.S.C.

§ 406(a). *See Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) ("Based on the plain

language and statutory structure found in § 406, the 25% limitation on fees for court

representation found in § 406(b) is not itself limited by the amount of fees awarded by the

Commissioner."). The amount requested in this case is $18,334.68, approximately 25% of

Plaintiff's past-due benefits[2] in accordance with the applicable attorney fee agreement. The

---

[2] The Notice of Award states that $18,334.68 was withheld which reflects 25% of the past due amount, making the total past due amount $73,338.72.

Court therefore need only determine if this amount is reasonable for the work performed in this case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."). Factors to consider include: (i) the character of the representation and results achieved, (ii) whether any dilatory conduct might allow attorneys to "profit from the accumulation of benefits during the pendency of the case in court[,]" and (iii) whether "the benefits are [so] large in comparison to the amount of time counsel spent on the case" that a windfall results. *Id.* at 808 (citing *McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989) (reducing fees for substandard work)); *Lewis v. Secretary of Health & Human Services*, 707 F.2d 246, 249-50 (6th Cir. 1983) (same); *Rodriguez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (noting fees are appropriately reduced when undue delay increases past-due benefits or fee is unconscionable in light of the work performed); *Wells v. Sullivan,* 907 F.2d 367, 372 (2nd Cir. 1990) (courts should consider "whether the requested amount is so large as to be a windfall to the attorney"). Contemporaneous billing records may be considered in determining reasonableness. *Gisbrecht*, 535 U.S. at 808 ("[T]he court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the

-4-

claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.") (citing *Rodriguez*, 865 F.2d at 741).

Based on the factors enunciated in *Gisbrecht*, the Court concludes that $18,334.68 in attorney's fees is reasonable for the work done in this case. First, the attorney ably represented Plaintiff in her appeal to this Court and obtained excellent results on her behalf, *i.e.*, a motion to remand by the Government after Plaintiff submitted her opening brief, resulting in a reversal of the Commissioner's decision denying benefits and remand for further consideration. Plaintiff's success on appeal enabled her not only to prevail in her quest for social security benefits, but also to obtain $7,000.00 in attorney's fees as the prevailing party on appeal under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). *See* Docket No. 22. This amount received will essentially reduce any amount awarded from her past-due benefits pursuant to Section 406(b). Second, there is no evidence that Plaintiff's attorney caused any unnecessary delay in these proceedings. Third, the requested fee does not result in any windfall to Plaintiff's attorney, who spent a total of 28.85 hours on this appeal, along with 3.2 hours of paralegal work billed. *See* Docket No. 20, Ex. 4. This would equate to a rate of $635.51, at most, per hour for attorney time, which is not excessive given that the fee was contingent, and the risk of loss was not negligible. The Court therefore concludes that the requested fee of $18,334.68 is reasonable within the guidelines set by *Gisbrecht*.

It appears from the record that the Commissioner retains sufficient funds to pay the $18,334.68 awarded to the Attorney herein under Section 406(b)(1). If, however, for any reason the Commissioner may not have sufficient funds on hand to satisfy the $18,334.68

awarded herein, Plaintiff's attorney will have to recover the difference from Plaintiff herself, not from her past-due benefits. *See Wrenn*, 525 F.3d at 933 ("If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past-due benefits, to recover the difference."). Furthermore, because the $18,334.68 awarded herein pursuant to Section 406(b)(1) exceeds the $7,000.00 previously received by Plaintiff as part of the EAJA fee award, Plaintiff's attorney must refund the latter amount to Plaintiff. *See Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir.1986).

Accordingly, Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b) with Supporting Memorandum [Docket No. 20] is hereby GRANTED. The Court approves an award of attorney fees in the amount of $18,334.68 to Plaintiff's attorney pursuant to 42 U.S.C. § 406(b)(1) and directs the Commissioner to pay to Plaintiff's attorney the balance of any past-due benefits in his possession up to said amount.

**IT IS SO ORDERED** this 19th day of February, 2025.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**